**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| PIERRE BURNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Case No. 1:18-cv-01897-TWP-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**
**AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on *pro se* Defendant Pierre Burnett's ("Burnett") motion

for relief pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion must be **denied**

and the action dismissed with prejudice. In addition, the Court finds that a certificate of

appealability should not issue**.**

## I. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as

an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred

which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v.*

*United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2016, Burnett was charged in this Court in a four-count Indictment with Count 1 – Conspiracy (to distribute one kilogram or more of heroin and 500 grams or more of cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(ii), and 846; Count 2 – Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i); Count 3 – Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); and Count 4 – Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h) (Count 4).  *United States v. Burnett*, 1:16-cr-45-TWP-DKL-1.

On April 14, 2017, a Petition to Enter Plea of Guilty and Plea Agreement (with stipulated factual basis included) pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) was filed wherein Burnett agreed to a term of imprisonment of 188 months.  (Cr. Dkt. 43.)  Burnett agreed to plead guilty to Counts 1 through 4 of the Indictment.  *Id.*  He waived the right to appeal the conviction and sentence imposed and waived the right to any collateral attacks on his conviction or sentence with the exception of ineffective assistance of counsel as long as he was sentenced pursuant to the plea agreement.  *Id.*

On August 1, 2017, the Court accepted Burnett's plea agreement, finding that the plea of guilty was knowing and voluntary, and supported by an independent basis of fact.  (Cr. Dkt. 59.)  At the plea and sentencing hearing, Burnett confirmed the factual basis for the plea.  (Cr. Dkt. 65.)  The Court accepted the terms of the plea agreement and sentenced Burnett to 188 months' imprisonment to be followed by five years' supervised release.  (Cr. Dkt. 59.)  No objections were presented by either party.  Burnett did not appeal.

Burnett then filed this § 2255 motion arguing that his trial counsel was ineffective.  The

respondent responded to the Motion and Burnett replied. The Court directed further briefing on one of Burnett's arguments and the motion is now ripe for resolution.

### III.  DISCUSSION

Burnett asserts that his counsel was ineffective in negotiating the plea agreement by failing to challenge the charges against him and for advising him that he might be subject to a sentence enhancement. During plea negotiations, defendants are "entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 566 U.S. 166, 162 (2012). Thus, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 162-63. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under *Strickland*, Burnett must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 163 (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). To establish prejudice, he must show the outcome of the plea process would have been different with competent advice. *Lafler*, 566 U.S. at 163. If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

### A.  Drug Quantity and Money Laundering

Burnett argues that his counsel was ineffective during plea negotiations when he did not investigate the quantity of drugs for which he was indicted and did not investigate the Government's allegation that he engaged in money laundering. (Dkt. 1, p. 5, 8.) He also argues that he did not participate in a conspiracy, did not possess or distribute a kilogram of heroin or 500 grams of cocaine, and did not launder any money. *Id.*, p. 6, 8.

Burnett's arguments are "belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow*

3

*v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted).

At the change of plea hearing, Burnett was placed under oath. The Court read the following factual basis from the plea agreement to Burnett.

> Beginning in or about 2012, and continuing through August 18, 2015, Defendant Pierre Burnett operated a heroin and cocaine distribution ring in the Indianapolis area. Burnett received heroin and cocaine from a Mexican supplier and distributed heroin and cocaine to at least three individuals, who then sold the drugs to customers. Burnett also engaged a fourth individual to drive cash payments for the heroin and cocaine to Burnett's supplier. The overt acts listed in Count 1 of the indictment occurred during and in furtherance of Burnett's drug conspiracy.

> On or about November 4th, 2014, Burnett knowingly distributed 1 kilogram of heroin to Individuals number 2 and 3 in Indianapolis, for Individuals Number 1 and 2 to sell, all knowing that the heroin was a controlled substance.

> From the summer of 2014 through on or about November 4th of 2014, Burnett distributed 500 grams or more of cocaine to individuals in his drug distribution ring in Indianapolis, all knowing that the cocaine was a controlled substance.

> From on or about April 29, 2013, through February 17, 2015, Burnett conspired with Individual Number 1 and others to commit money laundering. More specifically, you, Burnett, received checks, money orders, and cashier's checks into a bank account that he controlled in the name of Pierre Phillips Apparel and Shoes, which involved the proceeds of drug trafficking, in violation of Title 21 United States Code, Section 841(a)(1). You, Burnett, knew that these financial transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of drug trafficking.

> While conducting and attempting to conduct these financial transactions, you, Burnett knew that the property involved in the financial transactions was the proceeds of drug trafficking.

Cr. Dkt. 65, p. 20-22. The Court asked Burnett to affirm these facts and he did so:

> THE COURT: And is that the truth? Is that what happened?

> THE DEFENDANT: Yes, ma'am.

> THE COURT: Is there anything that you need to change or correct about the factual basis?
>
> THE DEFENDANT: No, ma'am.

*Id.* p. 22. The Court also explained the facts upon which Burnett's plea was based when it asked him to enter his plea:

> THE COURT: In light of everything that I've explained to you today, and upon advice from your attorneys, how do you plead to the charges in Count 1, conspiracy to distribute 1 kilogram or more of heroin and 500 grams or more of cocaine; Count 2, distribution of 1 kilogram or more of heroin; Count 3, distribution of 500 grams or more of cocaine; and, Count 4, conspiracy to commit money laundering?
>
> THE DEFENDANT: Guilty.

*Id.* p. 27.

Burnett's statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). Burnett makes no argument that his plea was not knowingly and voluntarily made and the Court found at the change of plea hearing that his plea was knowing and voluntary. (Cr. Dkt. 28.)

Thus, "a [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *Thompson v. United States,* 732 F.3d 826, 829-30 (7th Cir.2013) (internal quotation marks and citation omitted); *see also United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994) ("Walton's guilty plea precludes him from raising any question regarding the facts alleged in the indictment.").

Because Burnett admitted to conspiracy to distribute cocaine and heroin, the amount of cocaine and heroin involved, and conspiracy to commit money laundering, he cannot now support his argument that his lawyer was ineffective by arguing that these facts are not true.

**B.      Advice Regarding Enhancement**

In reply in support of his § 2255 Motion, Burnett contends that his defense counsel performed deficiently when he incorrectly advised Burnett that he was facing a potential 240-month sentence based on a prior drug-related conviction in Michigan.

It is unclear from the record what prior conviction Burnett is referring to.  There is no prior conviction listed on his Presentence Investigation Report.  (Cr. Dkt. 54.)  Further, Burnett provides little description of the prior drug offense.  He simply contends that counsel advised him that he could face an enhanced sentence because of "a prior conviction from Michigan where [he] was sentenced to probation…".  (Dkt. 13, p. 3.)  Burnett argues that this advice was incorrect under *Burgess v. United States*, 553 U.S. 124 (2008).

Burnett was convicted in this Court of drug offenses under 21 U.S.C. § 841.  That statue contains provisions for the enhancement of a sentence based on a prior conviction for a "felony drug offense."  *Burgess* held simply that the term "felony drug offense" under 21 U.S.C. § 841(b)(1)(A) is defined by § 801(44), and therefore a state drug offense punishable by more than one year qualifies as a "felony drug offense".  553 U.S. at 126-27.  Burnett concludes that because he received one year of probation, not one year of incarceration, for the prior drug offense, that prior conviction does not qualify as a felony drug offense and his counsel therefore should not have advised him that he could be facing a longer sentence.

Burnett has failed to show that his counsel was deficient in this respect.  First, while he contends that he received one year of probation for this prior drug offense, he does not contend

that the prior offense was not *punishable* by more than one year in prison. By definition, a conviction qualifies as a felony drug offense if it was punishable by more than one year, regardless of the sentence the defendant received. He therefore has not shown that it would not qualify for enhancement under § 841. Without objective evidence supporting Burnett's contention that his Michigan conviction would not qualify as a felony drug offense, he has failed to show that his counsel was ineffective for advising him that it might be considered.

Further, the letter he provides to show that his counsel was deficient states the following:

> This scenario assumes the Court and Government does [sic] not consider the Michigan prior felony conviction. Probation did not use that conviction. Our hope is neither the Government, the Court, nor probation considers it. If they do, you would be subjecting yourself to 240 months or 20 years at a minimum. You have to make your own choice, but we recommend you wait and see what the Government discusses with us, then make the final determination of one of the 3 options above.

Dkt. 14-1, p. 30-31. This letter points out that the prior conviction had not yet been raised and recommended that Burnett consider forthcoming discussions with the Government. No request for enhancement was ever made and Burnett has not shown that other than advising him to consider the possibility of enhancement, counsel provided any further advice in this regard.

Moreover, Burnett has not shown that he was prejudiced by his counsel's performance even if it was deficient. To establish prejudice, he must show the outcome of the plea process would have been different with competent advice. *Lafler*, 566 U.S. at 163. Burnett makes no argument that he would not have pled guilty and would have insisted on going to trial but for this advice. He therefore has failed to show prejudice. *See Hill*, 474 U.S. at 60.

## IV.  CONCLUSION

For the reasons explained in this Order, Pierre Burnett is not entitled to relief on his § 2255 Motion. There was no ineffective assistance of counsel. Accordingly, his Motion for relief

pursuant to § 2255, Dkt. [1], is **DENIED** and **this action is dismissed with prejudice**. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in Case No. 1:16-cr-45-TWP-DKL-1.** The Motion to vacate, Cr. Dkt. [68], in the underlying criminal action shall also be **terminated**.

## V. <u>DENIAL OF CERTIFICATE OF APPEALABILITY</u>

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Burnett has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 12/6/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Pierre Burnett, #15146-028
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1000
Milan, Michigan 48160

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov